# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-_____-___-___

JARED DENNIS,

Plaintiff,

v.

JAMIE FITZSIMONS, IN HIS OFFICIAL CAPACITY AS SHERIFF OF SUMMIT COUNTY, CO,

Defendant.

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

Plaintiff, Jared Dennis, by and through his attorney, Ralph Lamar, for this his Complaint, respectfully alleges as follows:

### I.  NATURE OF THE CASE

1. This employment discrimination and civil rights action is brought against Defendant Fitzsimons, by Plaintiff Jared Dennis for equitable relief and monetary damages to redress the deprivation of civil rights secured to him by Section 504 of the Rehabilitation Act ("Rehab Act"), 29 U.S.C. § 794 *et seq* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 2000e *et seq*.

Specifically, he alleges that Defendant terminated his employment as a Detective Sergeant because of his medical condition which violates the ADA and the Rehabilitation Act. Mr. Dennis alleges that the Defendant's actions caused him mental distress and humiliation, and loss of employment and compensation. He seeks back pay, reinstatement or front pay, compensatory damages, and attorneys' fees and costs of this action.

1

## II.  JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims under 28 U.S.C. §§ 1331 and 1343, because they arise under the laws of the United States and said claims are brought to recover damages for the deprivation of Mr. Dennis' civil rights.

3. Venue is proper in this judicial District under 28 U.S.C. § 1391(b),(c) and 42 U.S.C. § 2000e-5(f)(3), because Defendant has offices, conducts business, and can be found in this District, and the causes of action arose and the acts and omissions complained of occurred herein.

## III.  PARTIES

4. Plaintiff Jared Dennis is a citizen of the U.S. currently residing in Silverthorne, CO and is subject to the jurisdiction of this court.

5. Defendant was the employer who terminated plaintiff's employment.  At all relevant times during plaintiff's employment by Defendant, it employed more than 14 persons and is therefore subject to the terms of the ADA.  Additionally, during all relevant times it received federal funds and/or the department in which plaintiff had worked was a program or activity for which federal funds were received, and therefore Defendant is subject to the provisions of the Rehab Act and is subject to the jurisdiction of this court under that statute. Defendant's offices are located at 501 N. Park Ave., in Breckenridge, CO.  Defendant is therefore subject to the jurisdiction of this court.

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff timely filed a charge of discrimination with regard to his ADA claim with the Equal Employment Opportunity Commission ("EEOC") on November 10, 2016.  Plaintiff received a right to sue letter from the department of Justice on or about November 22, 2017.

## IV. STATEMENT OF FACTS

7. Plaintiff was hired by the Summit County Sheriff's Department in September 2006 as a Deputy Sheriff performing patrol work.

8. At the time the Sheriff of Summit County was John Minor.

9. Plaintiff performed his job to the satisfaction of his employer and received a promotion on May 2, 2010 to Detective.

10. On May 26, 2016, Sheriff Minor resigned to take another job.

11. At the time Jamie Fitzsimons was a Commander for the Summit County Sheriff's Department. In this position Fitzsimons was third in command reporting to the Undersheriff immediately prior to Minor's resignation.

12. On May 27, 2016, Fitzsimons was appointed as Sheriff of Summit County.

13. Plaintiff was again promoted on July 6, 2016 to the position of Detective Sergeant.

14. On July 26, 2016, plaintiff asked for a divorce from his wife.

15. The following day, plaintiff's spouse went to the Park County Sheriff's Office and filed false domestic violence charges against him.

16. Said charges were ultimately dismissed on October 18, 2016.

17. However, at the time and without contacting plaintiff beforehand, an arrest warrant was issued and Sheriff Fitzsimons was contacted.

18. Plaintiff's spouse then traveled to his place of employment and filed for divorce.

19. At this time, Commander Wes Mumford placed plaintiff on an internal affairs investigation and told him to call on duty at 9:00AM and off duty at 5:00PM, Monday through Friday.

20. It was discussed and agreed upon that plaintiff would turn himself in on July 27, 2016.

21. A restraining order was issued by Park County against plaintiff. As a result it excluded him from having access to his personal residence.

22. As a result of the restraining order Plaintiff was placed on an internal affairs investigation which meant he was not able to go to his personal residence.

23. Plaintiff decided to stay at Commander Robert Pearce's residence.

24. Pearce was a friend of plaintiff's as well as a commanding officer with the Summit County Sheriff's Department.

25. Plaintiff's work vehicle was taken by the Summit County Sheriff's office as well as his person firearm and he was transported by Commander Pearce to Pearce's residence.

26. At Commander Pearce's residence, both he and plaintiff drank alcohol, shot for shot until they turned in around 10:30 p.m.

27. Prior to this occasion Pearce had spent a number of evenings at Plaintiff's home.

28. On those occasions plaintiff had typically consumed large quantities of alcohol with Pearce.

29. Plaintiff is an alcoholic.

30. As a result of his alcoholism plaintiff is unable to control the amount of alcohol he consumes and as a result, when he consumed alcohol he would always get inebriated.

31. Plaintiff's evening drinking bouts with Pearce were known amongst the staff of the Sheriff's Department for quite some time prior to July 27, 2016.

32. While plaintiff never came to work in an inebriated state it was well known amongst the members of the Summit County Sheriff's Department, including command staff,

that he had a drinking problem.

33. On July 27, 2016 at 7:00AM, plaintiff turned himself into the Park County Jail.

34. Plaintiff was transported to the jail that day by Commander Pearce, who drove his county vehicle to the jail.

35. At 8:00AM, plaintiff was required by Park County sheriff's staff to take a breath test at which time it registered a .107BrAC.

36. Park County Sheriff's Department then contacted the Summit County Sheriff's Office and Commander Mumford came to the Park County Sheriff's Office and terminated plaintiff's employment.

37. The reason given to plaintiff for his termination was his consuming alcohol while on duty and other policy violations related to the alcohol consumption.

38. Plaintiff was not on duty at the time of his termination but was still in the Park County lockup.

39. Defendant's purported basis for plaintiff's firing was not supported by the facts as he had not consumed any alcohol within eight hours of his scheduled start time.

40. Plaintiff received notice of his termination while he was on a phone while he was in visitation behind the plexiglass window in the Park County Jail.

41. Shortly thereafter plaintiff was told by Summit County Sergeant Rachel Dunaway that a Park County Deputy had asked Commander Mumford if he wanted to meet with me face to face in a conference room and Mumford said he did not, because plaintiff had an "anger issue."

42. While Defendant's command staff knew that plaintiff had been drinking with Pearce the night before plaintiff turned himself in and knew or should have known that Pearce

5

drove plaintiff in a Summit County vehicle to the Park County Sheriff's Department, Commander Pearce was never asked to undergo an alcohol screen, was not placed on an IA, nor reprimanded for being intoxicated while on duty.

## COUNT I

## REHABILITATION ACT VIOLATION – FAILURE TO ACCOMMODATE AND TERMINATION ON THE BASIS OF A DISABILITY

43.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 42 as though set forth fully herein.

44.     As a result of his alcoholism as set forth in this complaint, plaintiff has a "disability" as defined in the ADAAA and the Rehabilitation Act.

45.     Plaintiff was able to perform the essential functions of the position he held - Detective Sergeant - with, or without, a reasonable accommodation, and is therefore a qualified individual with a disability under the Rehabilitation Act.

47.     Defendant's decision to terminate plaintiff's employment was done solely as a result of Plaintiff's disability.

48.     Defendant's termination of plaintiff's employment constituted a violation of the Rehabilitation Act.

49.     Defendant's failure to reasonably accommodate plaintiff by allowing him to call off work when he realized he was impaired and before he was even out of jail constituted an intentional violation of the Rehabilitation Act.

50.     As a direct result of Defendant's intentional and unlawful actions in violation of the Rehabilitation Act, plaintiff has suffered economic damages, emotional pain and distress, and has sustained a loss of benefits, and interest due thereon.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor:

(a) Awarding lost wages in the form of back pay, including lost fringe benefits;

(b) Awarding compensatory damages;

(c) Ordering reinstatement or, in the alternative, issuing an award of front pay;

(d) Awarding the costs of this action, together with reasonable attorney's fees; and

(e) granting such other relief as the Court deems necessary and appropriate.

## COUNT II

## ADA VIOLATION – FAILURE TO ACCOMMODATE AND TERMINATION ON THE BASIS OF A DISABILITY

51. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 50 as though set forth fully herein.

52. As a result of his alcoholism as set forth in this complaint, plaintiff has a "disability" as defined in the ADAAA.

53. Plaintiff was able to perform the essential functions of the position he held - Detective Sergeant - with, or without, a reasonable accommodation, and is therefore a qualified individual with a disability under the ADA.

54. Defendant's decision to terminate plaintiff's employment was done because of Plaintiff's disability.

55. Defendant's termination of plaintiff's employment constituted a violation of the ADA.

56. Defendant's failure to reasonably accommodate plaintiff by allowing him to call off work when he realized he was impaired and before he was even out of jail constituted an

intentional violation of the ADA.

57. As a direct result of Defendant's intentional and unlawful actions in violation of the ADA, plaintiff has suffered economic damages, emotional pain and distress, and has sustained a loss of benefits, and interest due thereon.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor:

(a) Awarding lost wages in the form of back pay, including lost fringe benefits;

(b) Awarding compensatory damages;

(c) Ordering reinstatement or, in the alternative, issuing an award of front pay;

(d) Awarding the costs of this action, together with reasonable attorney's fees; and

(e) granting such other relief as the Court deems necessary and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated this 17th day of January, 2018.

Respectfully submitted,

By:   *s/Ralph E. Lamar, Esq.*
      Ralph E. Lamar
      Attorney I.D. No. 44123
      8515 Braun Loop
      Arvada, CO 80005
      (303) 345-3600
      ralphlamar@ymail.com

      Attorney for Plaintiff

8